UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

PAUL ROSA, NOLIS AQUINO,
YORKIS GUZMAN ON BEHALF OF
THEMSELVES AND THOSE
SIMILARLY SITUATED

Civil Action No. 15-cv-03286

**COMPLAINT**

Plaintiffs,

-against-

PENTA RESTORATION CORP., NICK FILLAS a/k/a
NICKOS FILLAS and CHRIS FILLAS a/k/a CHRIS
FILLAS

Defendants.

Plaintiffs Paul Rosa, Nolis Aquino, and Yorkis Guzman, on behalf of themselves and those similarly situated by their attorneys, Slater Slater Schulman LLP, complaining of Defendants, respectfully alleges, upon information and belief, the following:

## NATURE OF THE ACTION

1.      Plaintiffs are laborers who have worked for the Defendants on various construction projects in the State of New York.

2.      Plaintiffs bring this action as a class and collective action against Defendants for their refusal to pay overtime wages at one and one half (1 ½) times their regular hourly rates while requiring Plaintiffs to work greater than forty (40) hours per week in violation of the Federal Labor Standards Act ("FLSA") and New York Labor Law ("NYLL") .

## PARTIES

3.      Plaintiffs are residents of the State of New York.

4.      Plaintiffs are covered employees within the meaning of the Fair Labor Standards

Act, 29 U.S.C. § 201, *et seq.* ("FLSA") and New York Labor Laws § 160 *et seq.* ("NYLL").

5. Upon information and belief, Defendant Nick Fillas a/k/a Nickos Fillas ("Nick Fillas") is a resident of the State of New York.

6. Defendant Nick Fillas is President and Chief Executive Officer of Penta Restoration Corp. ("Penta Restoration"). He is in active control and management of Penta Restoration, regulates the employment of persons employed by Penta Restoration, acts directly and indirectly in the interest of Penta Restoration in relation to the employees, and is thus an employer of Plaintiffs and the prospective class members under the FLSA and the NYLL.

7. Upon information and belief, Defendant Chris Fillas a/k/a Christopher Fillas ("Chris Fillas") is a resident of the State of New York.

8. Defendant Chris Fillas is Executive Vice President, Owner and Partner of Penta Restoration. He is in active control and management of Penta Restoration, regulates the employment of persons employed by Penta Restoration, acts directly and indirectly in the interest of Penta Restoration in relation to the employees, and is thus an employer of Plaintiffs and the prospective class members under the FLSA and the NYLL.

9. Defendant Penta Restoration is a domestic limited liability company duly organized under and existing by virtue of the laws of the State of New York.

10. Defendants Penta Restoration, Nick Fillas and Chris Fillas are joint "employers" as defined by the Fair Labor Standards Act.

11. Defendants are covered employers within the meaning of the FLSA and the NYLL and, at all relevant times, employed the Plaintiffs.

2

## JURISDICTION AND VENUE

12.     This Court has jurisdiction pursuant to 28 U.S.C. § 1331, in that this is an action arising under the FLSA.

13.     This Court has supplemental jurisdiction of the claim arising under the NYLL pursuant to 28 U.S.C. § 1367, in that the New York State law claims are so closely related to Plaintiffs' FLSA claims as to form the same case or controversy under Article III of the United States Constitution.

14.     Venue is proper in this judicial district under 28 U.S.C. § 1391, as a substantial part of the events and omissions giving rise to the claims occurred in this judicial district, and Defendants conduct business through their employees, including Plaintiffs, within this judicial district.

15.     At all relevant times, the amount of qualifying annual volume of business for Defendants exceeds $500,000.00.

16.     At all relevant times, Defendants were and still are a commercial construction company engaged in interstate commerce, performing work on construction projects both in and outside of New York State, as well as handling goods and materials that have been manufactured or produced outside of New York (including hand tools, power tools, lumber, nails, and other items).

## FACTS

17.     Defendant Penta Restoration is a construction company performing construction work, demolition and renovations for commercial and residential projects in the State of New York.

3

18.     Plaintiff Rosa was hired by Defendants in or about November 2013, and worked for Defendants through August 2014.

19.     Plaintiff Rosa was employed to work for Defendants as a laborer.

20.     Plaintiff Rosa's duties as a laborer included, without limitation, painting, siding, framing, assembly house framework, demolition and manual labor.

21.     Plaintiff Rosa's work duties were established by the Defendants.

22.     Plaintiff Rosa's work assignments and tasks were established by Defendants.

23.     Plaintiff Rosa's regular work schedule has been from 7:00 a.m. to 7:30 p.m., Monday through Saturday, for approximately sixty-six (66) hours per week.

24.     Upon information and belief, Plaintiff Rosa received no compensation for hours worked beyond fifty-six (56) hours per week.

25.     Plaintiff Rosa's work schedule was established by Defendants.

26.     At the time Plaintiff Rosa was hired, Defendants established Plaintiff Rosa's rate of pay at $15.00 per hour.

27.     Throughout the time Plaintiff Rosa was employed by Defendants, Plaintiff Rosa has received straight pay of $15.00 per hour, excluding the hours for which he was not paid at all, irrespective of the number of hours Plaintiff Rosa worked each week.

28.     At no time was Plaintiff Rosa paid one and one-half times his regular rate of pay for each hour he worked in excess of forty (40) hours per week.

29.     Upon information and belief, at no time was Plaintiff Rosa paid any wages for hours worked in excess of fifty-six (56) hours per week.

30.     Defendants failed to pay Plaintiff Rosa an overtime premium for approximately

4

sixteen overtime hours he worked per week and failed to pay him any amount for approximately ten hours of work per week.

31.     Plaintiff Aquino was hired by Defendants on or about January 5, 2014, and worked for Defendants through May 2014.

32.     Plaintiff Aquino was employed to work for Defendants as a laborer.

33.     Plaintiff Aquino's duties as a laborer included, without limitation, painting, siding, framing, assembly house framework, demolition and manual labor.

34.     Plaintiff Aquino's work duties were established by Defendants.

35.     Plaintiff Aquino's work assignments and tasks were established by Defendants.

36.     Plaintiff Aquino's work schedule has been approximately 7:30 a.m. to 4:30 p.m., Monday through Sunday, for approximately fifty-six (56) hours per week.

37.     Plaintiff Aquino's work schedule was established by Defendants.

38.     At the time Plaintiff Aquino was hired, Defendants established Plaintiff Aquino's rate of pay at $15.00 per hour.

39.     Throughout the time Plaintiff Aquino was employed by Defendants, Plaintiff Aquino has received straight pay of $15.00 per hour, excluding the hours for which he was not paid at all, irrespective of the number of hours Plaintiff Aquino worked each week.

40.     At no time was Plaintiff Aquino paid one and one-half times his regular rate of pay for each hour he worked in excess of forty (40) hours per week.

41.     Defendants failed to pay Plaintiff Aquino an overtime premium for the approximately sixteen overtime hours that he worked per week.

42.     Plaintiff Guzman was hired by Defendants on or about March 1, 2014, and worked for Defendants through on or about December 28, 2014.

43.     Plaintiff Guzman was employed to work for Defendants as a laborer.

44.     Plaintiff Guzman's duties as a laborer included, without limitation, painting, siding, framing, assembly house framework, demolition and manual labor.

45.     Plaintiff Guzman's work duties were established by Defendants.

46.     Plaintiff Guzman's work assignments and tasks were established by Defendants.

47.     Plaintiff Guzman's work schedule has been approximately 8:00 a.m. to 5:30 p.m., Monday through Friday, as well as occasional Saturday and Sunday shifts for approximately forty-five to fifty (45-50) hours per week.

48.     Plaintiff Guzman's work schedule was established by Defendants.

49.     At the time Plaintiff Guzman was hired, Defendants established Plaintiff Guzman's rate of pay at $15.00 per hour.

50.     Throughout the time Plaintiff Guzman was employed by Defendants, Plaintiff Guzman has received straight pay of $15.00 per hour, irrespective of the number of hours Plaintiff Guzman worked each week.

51.     At no time was Plaintiff Guzman paid one and one-half his regular rate of pay for each hour he worked in excess of forty (40) hours per week.

52.     Defendants failed to pay Plaintiff Guzman an overtime premium for the five to ten overtime hours that he worked per week.

53.     At all relevant times, Defendant Nick Fillas was and still is the responsible authority in charge of hiring and firing; training; supervising; determining and/or establishing

6

the rate of pay and the method of payment of wages; determining and/or establishing work schedules, shifts and/or hours; determining and/or establishing work duties, assignments and/or tasks; reprimanding or disciplining workers for misconduct; promulgating and enforcing rules and regulations; and determining the terms and conditions of employment for the Plaintiffs and workers at Penta Restoration.

54. At all relevant times, Defendant Chris Fillas was and still is the responsible authority in charge of hiring and firing; training; supervising; determining and/or establishing the rate of pay and the method of payment of wages; determining and/or establishing work schedules, shifts and/or hours; determining and/or establishing work duties, assignments and/or tasks; reprimanding or disciplining workers for misconduct; promulgating and enforcing rules and regulations; and determining the terms and conditions of employment for the Plaintiffs and workers at Penta Restoration.

55. At all relevant times, each of the Defendants maintained control, oversight and authority over the Plaintiffs in the terms and conditions of their employment and payment of wages.

56. The work performed by the Plaintiffs was non-exempt work, as that term is used and defined in the U.S. Department of Labor's (DOL) regulations promulgated under the FLSA and NYLL.

57. Plaintiffs were entitled to be paid at least one and one-half their respective regular hourly rates of pay for each hour in excess of forty (40) hours they worked in any workweek pursuant to the FLSA § 207 and 12 NYCRR § 142-2.2.

58. For each and every week of their employment, Plaintiffs worked in excess of

forty (40) hours per workweek and were entitled to receive overtime wages.

59.     For each and every week of their employment, Plaintiffs were not paid one and one-half times their regular hourly work rate for any hours that he worked in excess of forty (40) per workweek, in violation of the FLSA and NYLL.

60.     At all relevant times, Defendants' overtime violations alleged herein were willful.

61.     At all relevant times, Plaintiffs were entitled to wage statements indicating the regular and overtime rate of pay; the basis of the rate of pay; the dates covered by the payment; the name, address and phone number of the employer; and itemized allowances and deductions.

62.     Defendants failed to provide Plaintiffs and other workers the required wage statement pursuant to NYLL 195(3).

63.     During the relevant period since 2011, Plaintiffs were entitled to Wage Theft Prevention Act notices of their pay rates annually and at the commencement of their employment and retain written acknowledgment of receipt of these notices, pursuant to NYLL 195(1).

64.     Defendants failed to provide Plaintiffs and other workers the required Wage Theft Prevention Act notices.

## COLLECTIVE ACTION ALLEGATIONS

65.     Plaintiffs bring this action on behalf of themselves and all other persons who were or are employed at Penta Restoration pursuant to 29 U.S.C. §216(b).

66.     Employees are "similarly situated" for the purposes of FLSA collective wage suits if they are subject to a common policy, plan, or design.

8

67.     Plaintiffs bring the FLSA action on behalf of themselves and others similarly situated, namely employees of Defendants who worked as laborers at Penta Restoration from the period beginning three years prior to the filing of this complaint to the date of final judgment in this matter, and who were not paid overtime wages for hours worked in excess of forty (40) hours per week ("hereinafter referred to as the "Laborers Collective.")

68.     Upon information and belief, the Laborers Collective consists of more than forty (40) similarly situated individuals who have not been paid overtime wages, and who would benefit from the issuance of a court-supervised notice of the lawsuit and the opportunity to join the lawsuit.

69.     Upon information and belief, Defendants have failed to pay overtime to employees other than those in the Laborers Collective, and Plaintiffs reserve the right to broaden their definition of the collective group and/or add subgroups to this claim as additional members are discovered.

70.     Defendants are liable under the FLSA for, *inter alia,* failing to properly compensate Plaintiffs and others similarly situated.

71.     Those similarly situated potential collective members are known to Defendants, are readily identifiable, and can be located through Defendants' records.

## CLASS ACTION ALLEGATIONS

72.     Plaintiffs brings their state law claims on behalf of themselves and other similarly situated as a representative of a class of all non-exempt laborers employed by Defendants within the six years prior to the filing of this complaint.

73.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure, for purposes of the

state law claims, Plaintiffs seek the certification of a class of all persons who, during the relevant time period from six years before the date of filing of this complaint to the date of final judgment in this matter, have been employed by Defendants as non-exempt laborers (hereinafter referred to as the "Laborers Class").

74.     Upon information and belief, the Laborers Class includes no less than forty (40) similarly situated individuals who would benefit from the issuance of a court-supervised notice of the lawsuit and the opportunity to join the lawsuit.

75.     The class is so numerous as to make it impracticable to join all members of the class as plaintiffs.

76.     There are questions of law and fact common to all members of the class and those questions predominate over any question affecting only individual class members. Defendants have acted on grounds generally applicable to all class members, in that Defendants' acts and omissions constitute a violation of the overtime and Wage Theft Prevention Act notification laws of the State of New York.

77.     Common questions of law and fact include, but are not limited to, the following:

  a. Whether Defendants have consistently failed to pay Plaintiffs and class members overtime wages at one and one-half times their regular rate of pay as required by the NYLL;

  b. Whether Defendants have, in failing to make required payments to Plaintiffs and others similarly situated, acted willfully and with the intent of depriving members of the class of such compensation; and

  c. Whether Defendants failed to provide accurate pay stubs to Plaintiffs and other

10

class members during the class period;

    d. Whether Defendants have failed to provide Wage Theft Prevention Act notices to their employees as required by New York Law.

78.    Plaintiffs' overtime and Wage Theft Prevention Act claims and Defendants' anticipated affirmative defenses thereto are typical of the claims of and against all class members.

79.    Plaintiffs will fairly and adequately protect the interests of all class members in the prosecution of this action and in the administration of all matters relating to the claims of the class. Plaintiffs are similarly situated to, and has suffered similar injuries as, the members of the class they seek to represent.

80.    Plaintiffs have retained counsel capable of handling class action suits. Neither Plaintiffs nor their counsel have an interest which is in conflict with the class or which might cause them not to vigorously pursue this action.

81.    Pursuant to F.R.C.P. 23(b)(3), class certification is appropriate here because questions of law or fact common to members of the class predominate over any questions affecting only individual members and because a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

## AS AND FOR THE FIRST CAUSE OF ACTION
### *(Overtime Under the FLSA)*

82.    Plaintiffs repeat and reallege each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth herein.

83.    Plaintiffs are covered employee within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA").

84.    At all relevant times, Defendants were engaged in commerce and/or the production or sale of goods for commerce within the meaning of 29 U.S.C. §§ 203(e), (m), and 206(a).

85.    At all relevant times, Defendants annual volume of business exceeds $500,000.00, and thus subjects Defendants to the requirements of the FLSA.

86.    As the Defendants shared control of the services of the Plaintiff, Defendants are a single "employer" as defined by the FLSA.

87.    At all relevant times, Defendants were subject to the overtime wage requirements set forth in the FLSA, 29 U.S.C. §§ 201 *et seq.*

88.    Defendants expected and required Plaintiffs to work more than forty (40) hours a week, and Plaintiffs regularly worked more than forty (40) hours a week throughout their employment.

89.    At no time have the Defendants paid Plaintiffs at a rate of one and one half times their hourly rates of pay for all of the hours he worked in excess of forty (40) hours per week.

90.    Defendants willfully, knowingly and intentionally did not compensate Plaintiffs for overtime at a rate of one and one half times their hourly rates of pay for all of the hours they worked in excess of forty (40) hours a week.

91.    As a result of Defendants' violations of the law and failures to pay Plaintiffs required overtime wages, Plaintiffs have been damaged and are entitled to recover from Defendants all wages due, along with all reasonable attorney fees, interest, and costs, pursuant to 29 U.S.C. § 216(b).

92.     As Defendants did not have a good faith basis to believe that their failure to pay overtime wages to Plaintiffs were in compliance with the law, Plaintiffs are entitled to additional damages equal to one hundred percent of the total amount of wages due, pursuant to 29 U.S.C. § 216(b).

## AS AND FOR THE SECOND CAUSE OF ACTION
### *(Overtime Under the NYLL)*

93.     Plaintiffs repeat and reallege each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth herein.

94.     At all relevant times, Defendants were subject to the overtime wage requirements set forth in Article 19 of the NYLL.

95.     Pursuant to NYLL § 650 *et seq*. and 12 NYCRR 142-2.2, non-exempt employees are required to be paid one and one-half times the employees' regular rate of pay for any hours in excess of forty (40) worked in any workweek.

96.     Defendants expected Plaintiffs to work more than forty (40) hours a week, and Plaintiffs regularly worked more than forty (40) hours a week throughout their employment.

97.     At no time have the Defendants paid Plaintiffs a rate of one and one-half times their hourly rates of pay for all of the hours they worked in excess of forty (40) hours per week.

98.     Defendants willfully, knowingly and intentionally did not compensate Plaintiffs for overtime at a rate of one and one half times their hourly rate of pay for all of the hours they worked in excess of forty (40) hours per week.

99.     As a result of Defendants' violations of the law and failures to pay Plaintiffs required regular and overtime wages, Plaintiffs have been damaged and is entitled to recover

from Defendants all wages due, along with all reasonable attorney fees, interest, and costs, pursuant to NYLL § 198 and 12 NYCRR § 142-2.2.

100.    As Defendants did not have a good faith basis to believe that their failure to pay overtime wages to Plaintiffs was in compliance with the law, Plaintiffs are entitled to additional damages equal to one hundred percent of the total amount of wages due, pursuant to NYLL § 198.

### AS AND FOR THE THIRD CAUSE OF ACTION

*(Wage Theft Prevention Action Notification Under the NYLL § 195(1))*

101.    Plaintiffs repeat and reallege each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth herein.

102.    Defendants were obligated to provide Plaintiffs with Wage Theft Prevention Act notifications of pay rates beginning upon the commencement of their employment since 2011 and annually from 2012-2014.

103.    At all relevant times, Defendants failed to provide Plaintiffs with the Wage Theft Prevention Act notifications, as required by NYLL § 195(1).

104.    As Defendants failed to provide Plaintiffs with proper Wage Theft Prevention Act Notices, annually from 2012-2014 and upon the commencement of their employment from 2011 to February 26, 2015 as required by NYLL § 195, Plaintiffs are entitled to liquidated damages in the amount of $50.00 per week, up to a maximum of $2,500.00, along with all reasonable attorney fees and costs.

### AS AND FOR THE FOURTH CAUSE OF ACTION
*(Wage Payment Statements Under the NYLL)*

14

105.    Plaintiffs repeat and reallege each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth herein.

106.    At all relevant times, Defendants failed to provide Plaintiffs and the Discount Workers Class with the proper statements with every payment of wages, as required by NYLL § 195.

107.    As Defendants failed to provide Plaintiffs and the Discount Workers Class with proper statements with every payment of wages as required by NYLL § 195, Plaintiffs are entitled to damages in the amount of $100.00 per week for every work week in which the violation occurred, up to a maximum of $2,500.00 until February 26, 2015, along with all reasonable attorney fees and costs.

108.    Moreover, pursuant to recent amendments to the Wage Theft Prevention Act, effective February 27, 2015, Plaintiffs and prospective class members are entitled to additional damages in the amount in the amount of $250.00 per week for every work week in which the violation occurred, up to a maximum of $5,000 (including those damages set forth in the preceding paragraph).

## DEMAND FOR JURY TRIAL

Plaintiffs hereby request, pursuant to FRCP 38(b) a jury trial on all claims so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on their own behalves and on behalf of all other similarly situated persons, seek the following relief:

A. On the First Cause of Action, an award of all overtime wages due, an additional award of one hundred percent of all wages, and all reasonable attorney fees, in an amount to be determined by this Court;

B. One the Second Cause of Action, an award of all overtime wages due, an additional award of one hundred percent of all wages, and all reasonable attorney fees, in an amount to be determined by this Court;

C. Interest;

D. Costs and disbursements; and

E. Such other and further relief as is just and proper.


Dated: New York, New York
      June 5, 2015

Respectfully submitted,

By: _____
Anthony Portesy, Esq. (AP-3804)
SLATER SLATER SCHULMAN LLP
Attorneys for Plaintiff
445 Broad Hollow Road, Suite 334
Melville, NY 11747
(631) 420-9300

16